**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| LEROY S. FARMER, | : | |
|  | : | Civ. Action No. 15-6703 (JHR) |
| Petitioner, | : | |
|  | : | |
| v. | : | **MEMORANDUM AND ORDER** |
|  | : | |
| WARDEN, MORRISON CORR. INST., NORTH CAROLINA | : | |
|  | : | |
| Respondent.[1] | : | |

**Rodriguez**, District Judge:

This matter is before the Court upon Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 1.) For the reasons discussed below, the Court will construe the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and transfer this matter to the district where Petitioner is presently confined in a state prison, the Middle District of North Carolina.

---

[1] Because the Court construes this § 2255 motion as a petition under 28 U.S.C. § 2241, the only proper respondent is the petitioner's custodian. See Rumsfeld v. Padilla, 522 U.S. 426, 443 (2004). Therefore, this Court substitutes as the respondent in this matter the Warden of Morrison Correctional Institution, North Carolina.

1

I.   BACKGROUND

Petitioner pled guilty, in this Court, to Count One of a Superseding Information for conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 841(A)(1) and (b)(1)(B). (Pet., ECF No. 1 at 2, ¶5; USA v. Farmer, 11cr706, (D.N.J.) (Judgment, ECF No. 156)). On September 28, 2015, he filed a motion to vacate, set aside or correct a sentence. (ECF No. 1.) In Ground One of the § 2255 motion, Petitioner stated the following:

> Judge Joseph H. Rodriguez
> Date of Proceeding 5/28/15
> Court recommends to the Bureau of Prison
> that the defendant receive credit commencing
> at the time of detention in this district at
> the FDC and designate the North Carolina
> Department of public safety prison as his
> place of confinement and that sentence
> should run concurrently with the North
> Carolina sentence which is found at
> 11cr5067009.

(ECF. No. 1 at 5, ¶12.)

For Ground Two, Petitioner stated:

> Judgment in a Criminal Case:
> The defendant is hereby committed to the
> United States Bureau of Prison to be
> imprisoned for a term of 66 months. The
> Court makes the following Recommendation to
> the Bureau of Prison. The defendant receive
> credit commencing at the time of detention
> in this district at FDC and designate the
> North Carolina Department of Public Safety
> prison as his place of confinement "and that
> this sentence should run concurrently with

2

>North Carolina Sentence which is found at
>"11cr5067009.""

(ECF No. 1 at 6.) In response to the question "explain why you did not appeal or raise this issue," Petitioner wrote "Reason why I didn't appeal is because I was satisfied with the plea agreement." (ECF No. 1 at 8, ¶ 7.)

Petitioner left blank the section for "Ground Three." (ECF No. 1 at 8.) For Ground Four, however, he asserted:

> Manifest Error
> That was indisputable according to Judge Joseph H. Rodriguez Ruling
> The Error base[d] on Federal Judgment of Commitment stayed that 66 months for conspiracy to distribute and possess with intent to distribute heroin (to Run Consecutive to State). I pray this manifest error be corrected and judgment that was agree[d] upon be upheld.

(ECF No. 1 at 9.)

In his request for relief, Petitioner stated:

> I want the court to remove the federal detainer. And for the order from the Judge Joseph H. Rodriguez to be upheld. He stated that my federal sentence should run concurrently with my North Carolina State Prison Sentence.

(ECF No. 1 at 14.)

II. DISCUSSION

Where a petitioner is not seeking modification of the sentenced imposed by the sentencing court, but challenges the Bureau of Prison's computation of his sentence, the proper

3

vehicle for relief is a petition for habeas relief under 28 U.S.C. § 2241. See e.g. Harris v. Bureau of Prisons (BOP) Federal, 787 F.Supp.2d 350, 358-59 (W.D. Pa. 2011) (finding inmate was not entitled to habeas relief where BOP denied Petitioner's request for a retroactive nunc pro tunc designation of the state prison as the place to serve the federal sentence); Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) ("Barden's action is actionable under § 2241 because he is in custody and he attacks the term of that custody.") Petitioner is clearly not seeking modification of his sentence, as he stated he is satisfied with the plea agreement.

Petitioner is challenging the BOP's execution of his sentence. "The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP." Galloway v. Warden of F.C.I. Ft. Dix, 385 F. App'x 59, 62 (3d. Cir. 2010) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). Thus, the Court construes the present § 2255 motion as a petition under 28 U.S.C. § 2241. The Court will transfer this matter to the district having jurisdiction over Petitioner's custodian, the Middle District of North Carolina.[2] See U.S. v. Kelly, 504 F.

---

[2] The Morrison Correctional Institution, North Carolina is located in Richmond County.

4

App'x 85, 86-87 (3d Cir. 2012) (petitioner's challenge to BOP's calculation of custody credit for period when he was under a detainer should be filed in the district of confinement); Verissimo v. I.N.S., 204 F.Supp.2d 818, 820 (D.N.J. 2012) ("a court may transfer a matter under 28 U.S.C. § 1406 to a court with personal jurisdiction over the defendant and where venue is appropriate.")

III. CONCLUSION

For the reasons discussed above, the Court will transfer this petition, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, to the Middle District of North Carolina.

IT IS THEREFORE on this 21st day of January, 2016

ORDERED that this Court construes Petitioner's motion under 28 U.S.C. § 2255 as a petition under 28 U.S.C. § 2241; and it is further

ORDERED that Petitioner's current custodian, the Warden of the Morrison Correctional Institution, North Carolina, is substituted as the respondent; and it is further

---

https://www.ncdps.gov/index2.cfm?a=000003,002240,002382,002302 Jurisdiction over Richmond County lies in the U.S. District Court, Middle District of North Carolina. http://www.ncmd.uscourts.gov/ncmd-counties

ORDERED that pursuant to 28 U.S.C. § 1406(a), the Clerk of Court shall transfer this matter to the United States District Court, Middle District of North Carolina; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail, and it is further

ORDERED that the Clerk shall close this matter.

s/ Joseph H. Rodriguez
**JOSEPH H. RODRIGUEZ**
**United States District Judge**